## No. 521

## FASSNACHT v. FASSNACHT

Ohio Appeals, 6th Dist., Lucas Co.

No. 1870. Decided May 31, 1927.

460. EQUITY — Jurisdiction — Causes of Action—Where demand of defendant for jury is refused, she having sued on a cross-petition in law, and where the cause of action is one in equity, she is not entitled to a jury, having invoked the equity jurisdiction of the common pleas court, and that court having acquired jurisdiction to determine all of the questions involved.

**First Publication of this Opinion**

LLOYD, J.

Christina Fassnacht sought to recover $10,-000.00 against the Metropolitan Life Insurance Co. in the Lucas Common Pleas, which she claimed as beneficiary on the policy of her son, William, who had, prior to his death, substituted her as beneficiary for his wife who had been named beneficiary at the time the policy was issued.

The company paid $10,000 to a receiver by affidavit of interpleader and Maude Fassnacht, the wife of insured was substituted as defendant, she also claiming the proceeds of the policy.

In the wife's cross-petition she alleged that she and her husband, William Fassnacht, had agreed that she obtain insurance upon her life in the amount of $10,000.00 with him as beneficiary and that he obtain insurance in a like amount with she as beneficiary; that such agreement was made in order to provide a fund in case of the death of either, with which the survivor might pay certain obligations incurred; and because of such agreement, William Fassnacht was without power to substitute as beneficiary, his mother or any other person.

It was claimed that insured, upon his becoming ill, was taken away and secreted by some of his brothers and sisters and by false and wrongful representations, induced him to make the change of beneficiary and that same was not made by his free act and will; and that therefore, such substitution is void and of no effect.

A jury was denied defendant below and at the conclusion of her evidence, upon motion of plaintiff, the court dismissed cross-petition of defendant and ordered the money held by the receiver be paid over to plaintiff. Error

was prosecuted and the Court of Appeals held:—

1. The opinion of the majority of the court is that the cause of action contained in the cross-petition is one in equity and not in law, and that defendant having invoked the equity jurisdiction of the court, that court acquired jurisdiction to determine all questions involved, which being so, defendant would not be entitled to a jury.

2. The writer is of the opinion that two causes of action are stated in the cross-petition, the first an action at law; the second, one in equity, which might properly and should have been separately stated and numbered.

3. The determination of the right to the fund in the receiver's hands, insofar as dependant upon the alleged agreement, was a question of fact which defendant was entitled to have submitted to a jury. If the jury had found the agreement as alleged, it would have been unnecessary to have tried the cause of action relating to incapacity of insured to change the beneficiary. If the jury had found adversely to defendant on the alleged contract, then there would still remain for determination, the question of the incapacity of insured to change the beneficiary, and this latter cause of action depended in no respect, upon the existence or non-existence of the agreement and was one in equity.

4. An examination of the bill of exceptions does not disclose any evidence produced to support either of the claims of the defendant made in her cross-petition. The undisputed evidence is that husband and wife desired that the policies issued to them contain the reserved right to change the beneficiary at any time.

5. There being no evidence to sustain the alleged agreement, had a jury been impanelled, the trial court would have been required to direct a verdict in favor of plaintiff. Refusal of defendant's demand for a jury was not prejudicial error.

6. There is no evidence that fraud was practiced upon the insured to induce him to make the change of beneficiary.

Judgment therefore affirmed.

Richards and Williams, JJ., concur.

Attorneys—L. E. Gorman and Stahl & Price for plaintiff in error; Johnson, Johnson & Farber for defendant in error; all of Toledo.